**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SHARP SHIRTER, INC., an Ohio corporation,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

        Defendants.

Case No. 1:24-cv-00035

**Judge Nancy L. Maldonado**

## SECOND AMENDED COMPLAINT

Plaintiff, Sharp Shirter, Inc. ("Sharp Shirter"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1.      This action has been filed by Sharp Shirter in attempt to combat an e-commerce store operator who trades upon Sharp Shirter's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use that same unauthorized and unlicensed products which infringe on Sharp Shirter's copyrights (collectively, the "Infringing Products"). True and correct screenshots of the active e-commerce store operating under a seller alias and selling Infringing Products is shown in **Exhibit B** attached hereto.

2.      Florian Usseglio ("Florian") is an artist based in France, that created the two-dimensional artwork (the "Subject Artwork") depicted in **Exhibit A**. Florian creates and sells various products featuring the Subject Artwork on the website "DevianArt."

3.      Sharp Shirter acquired rights to the Subject Artwork via transfer agreement.

4.      The Defendant created an Internet store and designed it to appear to be selling genuine products copyrighted by Sharp Shirter, while selling inferior imitations of Sharp Shirter's

Artwork. Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope and interworking of its illegal infringing operation. Sharp Shirter is therefore forced to file this action to combat Defendant's infringement of Sharp Shirter's Copyrighted Artwork, and to protect unknowing customers from purchasing unauthorized products over the Internet.

5. Sharp Shirter brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*.

6. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action arising under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), (b).

8. Defendant is subject to personal jurisdiction in this district because it purposefully directs its activities toward and conducts business with consumers throughout the United States, including within the state of Illinois and this district, through at least the internet-based e-commerce store accessible in Illinois.

9. Defendant is further subject to personal jurisdiction in this district because Defendant directly targets consumers in the United States, including in Illinois, through at least the fully interactive commercial Internet store operating under the Defendant domain name and/or

the Online Marketplace Account identified in **Schedule A** attached hereto ("Defendant"). Specifically, the Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products infringing Sharp Shirter's copyrighted artwork. Defendant has targeted sales from Illinois residents by operating its online store that offers shipping to the United States, including Illinois, accepts payment in United States Dollars, and on information and belief, has sold infringing products to Illinois residents. Defendant is committing tortious and illegal activities directed towards the state of Illinois and causing substantial injury in Illinois, and Sharp Shirter's claims arise out of those activities.

10.     Alternatively, Defendant is subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

11.     Venue is proper in this district under 28 U.S.C. § 1400(a) because Defendant and its agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

12.     Venue in this judicial district is otherwise proper under 28 U.S.C. § 1391(b)(3) because Defendant is subject to the court's personal jurisdiction and not a resident in the United States and therefore there is no district in which any action may otherwise be brought.

## **PARTIES**

13.     Sharp Shirter is an Ohio corporation that owns the copyrights described herein that are the subject of this action.

14.     Sharp Shirter sells products featuring the Subject Artwork and publicly displays, advertises, and markets products featuring the Subject Artwork.

15.     Defendant has the capacity to be sued under Federal Rule of Civil Procedure 17(b).

16.     The Defendant identified in **Schedule A** ("Defendant") is an individual or business entity who, upon information and belief, resides primarily in foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Store. Defendant targets the United States, including Illinois, and has, upon information and belief, sold, offered for sale, and continues to sell, products featuring the Subject Artwork to consumers within the United States and this District.

17.     Defendant has purposefully directed some portion of their illegal activities towards consumers in the state of Illinois through the advertisement, offer to sell, sale, and/or shipment of infringing goods to residents in the State.

18.     Upon information and belief, Defendant may have engaged in fraudulent conduct providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where it offers to sell and/or sells infringing products.

19.     Upon information and belief, Defendant will likely continue to sell and offer for sale products featuring Sharp Shirter's intellectual property, namely products featuring in whole, or in part, the Subject Artwork, unless preliminarily and permanently enjoined.

20.     Defendant uses their Internet-based businesses to infringe the intellectual property rights of Sharp Shirter and others.

21.     Defendant, through the sale and offer to sell infringing products, is directly, and unfairly, competing with Sharp Shirter's economic interests in the state of Illinois and causing Sharp Shirter harm and damage within this jurisdiction.

22.     The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill associated with Sharp Shirter's intellectual property rights and the destruction of the legitimate market sector in which it operates.

23.     Upon information and belief, at all times relevant hereto, Defendant had actual or constructive knowledge of Sharp Shirter's intellectual property rights, including Sharp Shirter's exclusive right to use and license such intellectual property rights.

24.     The Defendant undertakes efforts to conceal its true identity from Sharp Shirter to avoid accountability for its activities.

25.     The Defendant can easily and quickly transfer or conceal its funds in its use of payment and financial accounts to avoid detection and liability in the event its efforts are discovered, or Sharp Shirter obtains monetary award.

26.     The Defendant understands that its ability to profit through anonymous internet stores is enhanced as its numbers increase, even though it may not at all engage in direct communication or coordination.

27.     Defendant is using infringements of Sharp Shirter's intellectual property rights to drive Internet consumer traffic to their e-commerce stores and decreasing the size and value of Sharp Shirter's legitimate marketplace and intellectual property rights at Sharp Shirter's expense.

28.     Defendant, through the sale and offer to sell infringing products, is directly and unfairly competing with Sharp Shirter's economic interests in the state of Illinois and causing Sharp Shirter harm and damage within this jurisdiction.

29.     Upon information and belief, at all times relevant hereto, Defendant had actual or constructive knowledge of Sharp Shirter's intellectual property rights, including Sharp Shirter's exclusive right to use and license such intellectual property rights.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT ARTWORK

30.     Sharp Shirter owns all rights in the Subject Artwork depicted in **Exhibit A.**

31.     Sharp Shirter complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Artwork.

32.     Sharp Shirter obtained exclusive rights to the work through a transfer agreement, which transferred the copyright ownership of the Subject Artwork to Sharp Shirter.

33.     Prior to the acts complained of herein, Sharp Shirter widely publicly displayed and disseminated the Subject Artwork including without limitation on Sharp Shirter's website *www.SharpShirter.com* and its various social media platforms under the name "Sharp Shirter" as well as on *DeviantArt.com*.

34.     Genuine goods bearing the Subject Artwork are sold by Sharp Shirter and its authorized distributors.

35.     Defendant has willfully copied, reproduced, distributed, sold, and/or offered for sale Sharp Shirter's Subject Artwork for financial benefit by, without limitation, reproducing the Subject Artwork online and/or products bearing copies of the Artworks for commercial benefit, including without limitation, through the Defendant Internet Store.

36.     Defendant is using identical copies of Sharp Shirter's Artwork. True and correct copies and screen captures of exemplars of Defendant's unauthorized use are depicted in **Exhibit**

**B** ("Infringing Products"). These copies and screen captures represent non-inclusive exemplars of the Infringing Products.

37.     Defendant advertises its e-commerce stores to the consuming public via e-commerce stores on Internet marketplace websites. The Infringing Products can be identified by Product Identification Numbers. The Infringing Products Identification Numbers at issue in this case are shown in **Schedule A** attached hereto.

38.     In advertising its stores and products, Defendant improperly and unlawfully uses the Subject Artwork without Sharp Shirter's permission.

39.     By its actions, Defendant is contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Sharp Shirter's genuine goods.

40.     Defendant is causing individual, concurrent and indivisible harm to Sharp Shirter and the consuming public by (i) depriving Sharp Shirter and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Sharp Shirter's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the images, and (iii) increasing Sharp Shirter's overall cost to market its goods and educate consumers via the Internet.

41.     As a result, Defendant is defrauding Sharp Shirter and the consuming public for Defendant's own benefit. Upon information and belief, Defendant facilitate sales by designing the Defendant Internet Store so that it appear unknowing to customers to be authorized online retailer, outlet stores, or wholesalers selling genuine Subject Artwork. The Defendant's Internet Store looks sophisticated and accept payment in US Dollars via credit or debit cards. Defendant Internet Store

includes design elements that make it very difficult for consumers to distinguish such infringing sites from authorized seller websites.

42. Upon information and belief, at all times relevant hereto, Defendant had full knowledge of Sharp Shirter's ownership of the Subject Artwork, including its exclusive right to use and license such Subject Artwork, through Sharp Shirter's numerous online profiles and features, online publications and press featuring Sharp Shirter's work, Sharp Shirter's social media accounts, and/or through viewing the Subject Artwork on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

43. Defendant's use of the Subject Artwork, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their infringing goods, is without Sharp Shirter's consent or authorization.

44. Defendant is engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Sharp Shirter's rights for the purpose of trading on Sharp Shirter's intellectual property and reputation.

45. Sharp Shirter has not in any way authorized Defendant, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Artwork.

46. If Defendant's intentional infringing activities are not preliminarily and permanently enjoined, Sharp Shirter and the consuming public will continue to be harmed.

47. Defendant's infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

48. Defendant is likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Sharp Shirter.

49.     Sharp Shirter is suffering irreparable injury and has suffered substantial damages as a result of Defendant's unauthorized and infringing activities and their wrongful use of Sharp Shirter's intellectual property rights.

50.     Sharp Shirter should not have competition from Defendant because Sharp Shriter never authorized Defendant to use Sharp Shirter's Subject Artwork.

51.     Sharp Shirter has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

52.      Sharp Shirter repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

53.     Sharp Shirter has complied in all respects with the Copyright Act of the United States and other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue.

54.     Under 17 U.S.C. § 106, Sharp Shirter has the exclusive rights and privileges to reproduce, prepare derivate works, distribute copies, and import copies into the United States of the copyrighted Artwork.

55.     Sharp Shirter alleges that Defendant accessed the Subject Artwork online through one of Sharp Shirter's numerous public profiles or otherwise through advertisements and widespread dissemination. Access is further presumed given the identical copy of the Subject Artwork shown on the Infringing Products.

56.     Sharp Shirter alleges that Defendant infringed Sharp Shirter's exclusive copyrights by creating infringing derivative works, copying, displaying, and/or distributing works to the

public based upon Sharp Shirter's copyrighted art in violation of 17 U.S.C. § 106, as seen, without limitation, in the screen captures shown in **Exhibit B**.

57.     Due to Defendant's Infringing Use as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for their infringement of Sharp Shirter's rights in the Subject Artwork. As such, Sharp Shirter is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of its rights in the Subject Artwork in an amount to be established at trial.

58.     Defendant's conduct constitutes willful and direct copyright infringement. The similarities between the Subject Artwork and Infringing Use further proves the willful and direct infringement by Defendant.

59.     On information and belief, Defendant routinely and intentionally infringes the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

60.     Due to Defendant's acts of infringement, Sharp Shirter has actually and proximately suffered actual, general, and special damages in an amount to be established at trial under 17 U.S.C. § 504(b) and (c).

61.     The harm caused to Sharp Shirter is irreparable.

62.     Sharp Shirter is entitled to temporary and permanent injunctive relief from Defendant's willful infringement.

63.     Sharp Shirter complied with registration requirements for the Subject Artwork before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per artwork per the Copyright Act.

64. Sharp Shirter is informed and believes and thereon alleges that Defendants conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendant, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§ 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, affiliates, and/or all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell infringing goods; from infringing the Subject Artwork; from using the Subject Artwork, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Subject Artwork in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendans; and from otherwise unfairly competing with Plaintiff;

b. Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendant and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical

services or other support to, Defendant in connection with the sale and distribution of non-genuine goods bearing and/or using the Subject Artwork;

c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller ID who is provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling foods bearing infringements of the Subject Artwork;

d.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller ID who is provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendant's respective Seller ID.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Subject Artwork via the ecommerce stores operating under the Seller ID, including but not limited to the listings and associated images identified by the Identification Numbers on Schedule "A" annexed hereto, and upon

Plaintiff's request, any other listings and images of goods bearing infringements of the Work associated with any Identification Numbers linked to the same seller or linked to any other alias seller identification names being used and/or controlled by Defendant to promote, offer for sale and/or sell goods bearing infringements of the Subject Artwork;

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, Defendant and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of Defendant bearing the Work in its inventory, possession, custody, or control, and surrender those goods to Plaintiff;

g.      Entry of an Order requiring Defendant to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of its products, including without limitation, the placement of corrective advertising and providing written notice to the public;

h.      Entry of an Order requiring Defendant to account to and pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

i.      Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit;

j.      That Plaintiff be awarded its costs and attorneys' fees to the extent they      are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

k.      Entry of an Order that, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or

marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller ID, or other alias seller identification or ecommerce store names used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

l.      That a trust be entered over all Infringing Products, and all profits realized through the sales and distribution of said work;

m.     That Plaintiff be awarded pre-judgment interest as allowed by law;

n.     That Plaintiff be awarded the costs of this action; and

o.     That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 12, 2024      By:    */s/ Mackenzie Paladino*
Mackenzie Paladino, Esq. (Bar No. 6342560)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
mpaladino@donigerlawfirm.com
*Attorney for Plaintiff*

# EXHIBIT A



EXHIBIT D





# SCHEDULE A

